NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDESHA WASHINGTON, | No.   21-55668 |
| Plaintiff-Appellant, | |
| v. | D.C. No.<br>2:20-cv-00435-CBM-PJW |
| VIACOMCBS INC.; DOES, 1 through 50, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted March 28, 2023[**]

Before:  WALLACE, D. NELSON, and FERNANDEZ, Circuit Judges.

Candesha Washington appeals from the district court's order dismissing her

claim for copyright infringement under 17 U.S.C. § 101 *et seq.*  Washington

alleges that she is the author and registered copyright owner of a pilot script for a

proposed television series called *#SquadGoals* and a "treatment" of the pilot

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(collectively, "the works"), and that ViacomCBS infringed on the works in an episode of the CBS television series *Bull*. Washington contends that the district court applied an overly exacting pleading standard in dismissing her claim and erred in not allowing Washington the opportunity to amend her complaint. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016), and affirm.

The district court properly dismissed the claim because Washington failed to allege plausibly that her works were substantially similar to the *Bull* episode. *See Rentmeester v. Nike, Inc.*, 883 F.3d 111, 1122–23 (9th Cir. 2018) (holding that courts may "consider substantial similarity" on a motion to dismiss where the two works are properly before the court), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc). Generally, dismissal on substantial similarity grounds is only appropriate if there are no alleged similarities in protectable elements. *See id.*; *Daniels v. Walt Disney Co.*, 958 F.3d 767, 775 (9th Cir. 2020); 3 William F. Patry, Patry on Copyright § 9:86:50 (2021) (stating that dismissal at the pleading stage is appropriate where "the similarities between the two works are only in uncopyrightable material or are de minimis"). Washington primarily alleges that abstract similarities exist between the protagonists of the two works; however, the idea of a character is not protectable. *See Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002) ("One cannot

copyright the idea of an idealistic young professional choosing between financial and emotional reward[.]"), *overruled on other grounds by Skidmore*, 952 F.3d 1051 (9th Cir. 2020) (en banc).

The district court did not abuse its discretion in dismissing without leave to amend because the complaint's deficiencies could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank S.F*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend [the] complaint.").

**AFFIRMED.**